UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:03 CR 85 |
| | ) | |
| SERGIO ARCURI | ) | |

## OPINION and ORDER

On April 13, 2005, a jury returned verdicts finding defendant Sergio Arcuri guilty of two charges of using a dangerous weapon to forcibly assault and impede a law enforcement officer who was in the exercise of his official duties, thereby causing bodily injury, in violation of 18 U.S.C. § 111(b). Arcuri now moves for a judgment of acquittal pursuant to FED. R. CRIM. P. 29(c), or alternatively for a new trial pursuant to FED. R. CRIM. P. 33.

The court may grant a motion for a judgment of acquittal only if, when the evidence is considered in the light most favorable to the government, no reasonable jury could find guilt. *United States v. Washington*, 184 F.3d 653, 657 (7th Cir. 1999). The standard for granting a new trial is less strenuous, allowing the court to weigh the evidence including, in appropriate cases, newly-discovered evidence, and act in the interests of justice. A new trial may be ordered if the "verdict is against the manifest weight of the evidence, taking into account the credibility of the witnesses." *Id.*; *United States v. Alanis*, 265 F.3d 576, 590 n. 8 (7th Cir. 2001).

This case involves an incident that occurred on September 5, 2003, when Arcuri, attempting to avoid arrest by two United States Deputy Marshals, struck them with the

car in which he was fleeing. One of the elements of a violation of 18 U.S.C. § 111(b) that the government had to prove beyond a reasonable doubt, as the jury was instructed by the court, is that Arcuri acted "knowingly and wilfully." Arcuri argues that a judgment of acquittal must be entered because the government completely failed to prove this element:

> The government has failed to prove that Sergio Arcuri knowingly and willfully struck Deputy Bridge. There is no evidence that Sergio Arcuri knew Deputy Bridge was behind the car, heard Bridge identify himself, or saw his credentials. Thus, without evidence that Sergio Arcuri knew Bridge was there, a Rule 29 judgment of acquittal must be entered.
> The government has failed to prove beyond a reasonable doubt that Deputy Seagreaves showed his credentials and verbally identified himself. Further, there is no evidence showing beyond a reasonable doubt that Sergio Arcuri knew these were deputy marshals.

Arcuri's Motion for Acquittal or in the Alternative for a New Trial ("Motion") at 3-4.

The jury heard both Deputy Seagreaves and Deputy Bridge testify that they approached the vehicle together, displaying their badges and yelling "police," at which time Arcuri quickly shifted into reverse, striking Bridge, and then sped away from the scene. The day following the incident Arcuri was arrested by Deputy John Ambrose, who told Arcuri that he was being arrested for violating conditions of his supervised release and for assaulting a federal officer. When Arcuri inquired why he was being charged with assaulting a federal officer, Ambrose stated that it was for trying to run over Deputy Seagreaves. Ambrose testified that he thought the "exact words" of Arcuri's response were that Arcuri had "used his car to push him out of the way

2

because he was going to do whatever was necessary for him [Arcuri] not to go back to jail." This is sufficient evidence to allow a jury to find, beyond a reasonable doubt, that Arcuri acted knowingly and wilfully. His motion for a judgment of acquittal will be denied.

Alternatively, Arcuri argues that granting him a new trial serves the interests of justice because the government violated the court's ruling prohibiting the government from going into the details of Arcuri's criminal history when the government argued, during closing, that Arcuri's motive was to avoid going back to jail. "This was a violation of the 404(b) ruling. This was a means to infer a highly prejudicial criminal history." Motion at 4. However, this court's ruling allowed evidence that Arcuri was being arrested for a violation of terms of his supervised release. This, coupled with Arcuri's statement when arrested that he had to do "whatever was necessary . . . not to go back to jail" makes the government's closing argument a fair comment on the evidence, rather than a violation of the court's rulings, and Arcuri's motion for a new trial will be denied.

For the foregoing reasons, defendant Arcuri's Motion for Acquittal or in the Alternative for a New Trial (DE # 94) is **DENIED**.

                                        **SO ORDERED.**

ENTER: June 14, 2005

                                        s/James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT